IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RANDALL PRESTON McCALLUM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0136 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS
AS TIME-BARRED PURSUANT TO 28 U.S.C. § 2244(d)**

On May 18, 2005, this Court received a pleading from petitioner dated May 13, 2005 whereby petitioner appeared to be initiating a collateral federal habeas corpus proceeding. Petitioner was ordered to submit the form petition utilized by the Northern District of Texas. On May 31, 2005, petitioner submitted his form habeas corpus application where wherein he challenges the October 29, 1999 revocation of his parole. For the reasons hereinafter set forth, it is the recommendation of the undersigned United States Magistrate Judge that said petition is time barred and should be dismissed.

I.
PROCEDURAL HISTORY

In his habeas application, petitioner advises that on December 14, 1988, he was convicted of the felony offense of unauthorized use of a motor vehicle out of the 119th Judicial District

Court of Tom Green County, Texas, and assessed a twelve (12) year sentence for the offense. *See State v. McCallum*, Cause No. CR-88-0371-B.  Petitioner does not indicate whether he appealed his conviction and sentence to the appropriate state appellate court, but such is not relevant to a determination on his parole revocation claim asserted herein.

On August 2, 1989, the Texas Board of Pardons and Paroles granted petitioner release to parole.  On September 18, 1989, petitioner was released to parole supervision on his Texas conviction under the terms and conditions of Texas parole.  Petitioner last reported to his parole officer in May 1990, advising that he wanted a transfer to Arizona.  On July 17, 1990, petitioner was declared an absconder.  On August 30, 1990, the State of Texas issued a "blue warrant" for petitioner's arrest due to his parole violations.

On December 14, 1992, petitioner was arrested, in Arizona, for the felony offense of robbery.  Petitioner was subsequently convicted and sentenced to four (4) years for the Arizona robbery offense.  Petitioner advises he discharged his Arizona sentence in 1996 and was released from custody.  Petitioner claims that during the time he was incarcerated in Arizona, the State of Texas, knowing of petitioner's whereabouts, failed to execute the warrant or seek extradition.  Petitioner was ultimately arrested on May 20, 1999 on the blue warrant, one (1) year before petitioner was to discharge his Texas sentence, and extradited back to Texas where he was incarcerated by the State of Texas.  On October 14, 1999, a parole revocation hearing was held during which the hearing officer found petitioner had violated his parole as to all alleged technical parole violations.  On October 29, 1999, the Texas Board of Pardons and Paroles voted to revoke petitioner's Texas parole.  On March 14, 2003, petitioner requested time credits toward his sentence for the period of time he was an absconder.  Such request was denied.  On April 17,

2003, petitioner requested permission to appeal the revocation of his parole, but such request was denied.

On January 14, 2004, petitioner filed with the United States District Court for the Southern District of Texas, an action for violation of his civil rights. On January 22, 2004, such Court entered an Order For a More Definite Statement regarding his claims. Petitioner filed such statement with the Southern District Court on February 19, 2004. Thereafter, on April 23, 2004, the Southern District Court entered an Order changing the designation of the cause from a 42 U.S.C. § 1983 civil rights case to an application for habeas corpus under 28 U.S.C. § 2241 et seq., and transferred the case to this Court. On June 1, 2004, this Court dismissed petitioner's federal habeas application for failure to exhaust his state court remedies.

On February 27, 2004, over a month after filing his pleading in the federal court for the Southern District, petitioner filed an application for state habeas corpus relief challenging his October 1999 parole revocation. On July 29, 2004, petitioner filed a writ of mandamus seeking resolution of his state habeas application. On September 20, 2004, the state trial court entered findings of fact and conclusions of law, recommending therein that petitioner's state habeas application be denied. On February 9, 2005, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order based on the trial court findings without a hearing.

On May 13, 2005,[1] petitioner initiated the instant federal habeas corpus proceeding.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

II.
GROUNDS

In this application, petitioner appears to allege the revocation of this Texas parole violated the Constitution and/or laws of the United States because:

1. Petitioner was denied effective assistance of counsel in that counsel did not appeal or move to reopen the parole revocation;

2. Petitioner was denied his right to appeal his parole revocation (asserting that from November 1999 until December 2003, he requested information on how to appeal his parole revocation but did not receive the requested information)

3. The parole revocation hearing was not held within 120 days of his arrest as required by state law; and

4. Petitioner is being unconstitutionally denied flat time credit toward his sentence for the period of time the parole revocation warrant was issued but not executed despite petitioner's willingness to be extradited (December 1992 - May 1999).

III.
AEDPA LIMITATIONS PERIOD

Pursuant to 28 U.S.C. § 2244(d)(1), effective April 24, 1996, a one-year limitation period applies to applications for writs of habeas corpus by persons in custody pursuant to a state court judgment. Petitioner's October 29, 1999 parole revocation, herein challenged, occurred after the effective date of the statute. Consequently, the limitation period applies in this case. Petitioner thus had one-year from the date of revocation, subject to any applicable tolling, to file a federal habeas petition challenging his parole revocation.

The limitations period set forth in 28 U.S.C. § 2244(d)(1), which was added by the Anti-Terrorism and Effective Death Penalty Act of 1996, (hereinafter AEDPA) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one year period commenced when petitioner was aware of, or when with due diligence should have been aware of, the predicate facts of the claims presented. *LaFonso v. Cockrell*, No. CIV.A3:02-2259-G, 2003 WL 22080720, at *3 (N.D.Tex. March 10, 2003). The very latest such date could be was October 29, 1999, the date the Board of Pardons and Paroles revoked petitioner's parole. Consequently, petitioner had one year from that date, or until October 29, 2000, in which to file his federal habeas petition. Petitioner did not file his state habeas petition until February 27, 2004. Therefore, petitioner is not entitled to statutory tolling.

Petitioner appears to claim, however, that he "diligently" pursued information on how to appeal his revocation from November 1999 to December 2003 – to no avail. Petitioner advises he attempted to contact, through mailed correspondence, his attorney, parole board officials, the executive director of TDCJ-CID, and his unit warden. This Court does not find that a 4-year

letter-writing campaign, no matter how aggressive, will justify a 4-year equitable tolling of the 1-year limitation period under these circumstances.

For the above reasons, the undersigned Magistrate Judge finds petitioner's federal habeas corpus application is time barred and should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for writ of habeas corpus filed by petitioner RANDALL PRESTON McCALLUM be DISMISSED as time barred under 28 U.S.C. § 2244(d)(1).

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 8th day of July 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing

objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).